486 N.W.2d 854 (1992)
241 Neb. 16
Joyce BEAUFORD, Appellant,
v.
FATHER FLANAGAN'S BOYS' HOME, a Nebraska Nonprofit Corporation, Appellee.
No. S-89-1462.
Supreme Court of Nebraska.
July 10, 1992.
*855 Joyce Beauford, pro se.
Joseph C. Byam, of Byam & Byam, Omaha, for appellee.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.
BOSLAUGH, Justice.
The plaintiff, Joyce Beauford, brought this action seeking payment of certain medical bills under the health plan of the defendant, Father Flanagan's Boys' Home (Boys Town). The plaintiff has appealed from the judgment in her favor in the amount of $3,616.13. The plaintiff's assignments of error are that the trial court erred by failing to give an instruction on future damages and that the jury's verdict is not supported by the evidence.
The record shows that the plaintiff was employed by the defendant as a teacher from 1974 until March 28, 1981, when she left Boys Town because of an illness. The plaintiff did not return to work after that date.
On April 21, 1981, the plaintiff was notified that she would be terminated as a teacher on June 5, 1981, the end of the 1980-81 school term. The plaintiff did not return to work at any time prior to the end of the school term on June 5.
Prior to her termination, the plaintiff had elected to receive her salary on a 12-month basis for the 1980-81 school year. From March 28 until June 5, 1981, the plaintiff was paid her regular salary, but it was entitled "salary continuance" because she was on sick leave. From June 5, 1981, until August 30, 1981, the plaintiff was paid the balance of her regular salary for *856 the 1980-81 contract. In addition to her salary, all of the plaintiff's medical bills were paid through August 31, 1981.
The defendant's employee handbook states that "Salary continuance benefits will cease whenever an employee refuses to cooperate with the Home in securing necessary information to validate a claim or a continuing illness." In its medical plan, the defendant also "reserves the right to have a physician it designates examine the individual whose loss is the basis of a claim when and so often as it may reasonably require."
The defendant terminated the plaintiff's salary continuance and health and dental plan because she would not submit to an examination by its physician on September 3, 1981.
The plaintiff challenged her termination through grievance procedures, and an arbitration hearing was held before Dean Kratz. On March 5, 1982, Kratz found that the plaintiff had violated the defendant's rules and should have been disciplined, but not discharged. Kratz ordered the plaintiff reinstated without backpay, effective April 12, 1982.
After the arbitration decision, the plaintiff did not return to work at Boys Town. The defendant notified her that she was not eligible for salary continuance or health insurance coverage until she submitted to an examination by the defendant's physician. The plaintiff was examined by the defendant's physician on June 24, 1982; however, no medical coverage was provided by the defendant.
In June 1982, the plaintiff was found eligible for long-term disability benefits from the defendant's disability insurance carrier, Union Mutual Insurance Company. The disability benefits were retroactive to September 1981. The plaintiff received disability payments from Union Mutual in the total sum of $25,399.04 for a 2-year period from September 28, 1981, through September 28, 1983.
On August 18, 1983, the plaintiff was offered a teaching position at Boys Town. The plaintiff refused to consider the offer and has never returned to active employment with the defendant.
On September 12, 1984, the Social Security Administration found that the plaintiff was entitled to receive disability payments commencing November 17, 1983. The plaintiff continues to receive Social Security disability payments and Medicare coverage.
The jury returned a verdict in favor of the plaintiff in the amount of $3,616.13. The verdict represented the amount of medical bills the defendant's health plan would have paid between the effective date of the plaintiff's reinstatement after arbitration and the period shortly after the defendant offered the plaintiff a teaching position.
At trial, the plaintiff requested an instruction on future damages for "medical and hospitalization" expenses; however, the plaintiff did not tender to the trial court a specific instruction for future medical and hospitalization expenses. The plaintiff objected to instruction No. 15 because it failed to include future medical, health, and dental expenses, but the trial court overruled the objection.
The plaintiff presented no evidence to warrant an instruction on future damages. The plaintiff has not worked at Boys Town since March 28, 1981. Under the express terms of the defendant's benefit contracts, the plaintiff is not entitled to any future benefits because she is not "actively working" at Boys Town.
The only evidence in the record relating to the plaintiff's medical treatment is the testimony of Dr. John F. Bookhardt, who examined the plaintiff just prior to testifying that the plaintiff "requires medical treatment now and will require it ... for an indefinite period of time." Dr. Bookhardt does not specify what type of medical treatment the plaintiff requires, who would administer the treatment, where the treatment would take place, the cost of the treatment, whether the treatment requires hospitalization, or whether the treatment would be routine or out of the ordinary. Dr. Bookhardt even questioned his own examination of the plaintiff, because "it *857 was very difficult to get a forthright answer" from her.
In order to establish that a trial court's refusal to give a requested instruction was reversible error, a plaintiff must show that she was prejudiced by the court's refusal to give the tendered instruction, that the tendered instruction is a correct statement of the law, and that the tendered instruction is warranted by the evidence. Rose v. City of Lincoln, 234 Neb. 67, 449 N.W.2d 522 (1989).
The plaintiff has not established that the trial court's refusal to instruct on future damages was reversible error. No instruction on future damages was tendered to the trial court by the plaintiff, and there is no evidence in the record to warrant an instruction on future damages.
Regarding a claim of prejudice from an instruction given or a trial court's refusal to give a tendered instruction, the instructions given must be read conjunctively rather than in isolation. If the instructions given, when taken as a whole, correctly state the law, are not misleading, and adequately cover the issues submissible to a jury, there is no prejudicial error concerning the instructions necessitating a reversal. Rose v. City of Lincoln, supra.
The plaintiff has failed to show that the instructions given to the jury, when taken as a whole, were misleading, contained incorrect statements of law, or failed to cover the issues of the case. The plaintiff was not prejudiced by the trial court's refusal to instruct on future damages.
As to the plaintiff's argument that the evidence is insufficient to support the jury's verdict, this court has stated:
A civil jury verdict will not be disturbed on appeal unless clearly wrong.... A verdict is not to be set aside where the evidence is in conflict or where reasonable minds may reach different conclusions or inferences, as it is within the jury's province to decide issues of fact....
....
... It is for the jury, as trier of the facts, to resolve conflicts in the evidence and to determine the weight and credibility to be given to the testimony of the witnesses....
Chadron Energy Corp. v. First Nat. Bank, 236 Neb. 173, 182, 459 N.W.2d 718, 727 (1990).
Furthermore, a jury's verdict will not be reversed on appeal as inadequate unless it is so clearly against the weight and reasonableness of the evidence and so disproportionate to the injury proved as to demonstrate that it was the result of passion, prejudice, mistake, or some other means not apparent in the record, or that the jury disregarded the evidence or rules of law. Bay v. House, 226 Neb. 521, 412 N.W.2d 466 (1987).
The evidence in this case justified the jury's award to the plaintiff because she had not complied with the requirements of the defendant's benefit contracts and later abandoned her employment. The plaintiff was not eligible for health insurance benefits until she was examined by the defendant's physician. When the defendant offered the plaintiff a teaching position on August 18, 1983, she refused to consider the offer. The jury could reasonably conclude that the plaintiff had abandoned her employment with the defendant and was not entitled to any further benefits under her contract of employment.
The judgment is affirmed.
AFFIRMED.
GRANT, J., not participating.